

FILED

MAY 22 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

AMBER K. BRANT,     CIVIL ACTION NO. 3:23-CV-179

    Petitioner,     JURY TRIAL DEMANDED

    vs.     Corker / McCook

CLIFFORD TRESSLOR, (unit manager),

SERGEANT ODOM, SERGEANT MULVANE,

LIEUTENANT WIDNER, SERGEANT DIXON,

MAGOR GARCIA; and

WARDEN STEVEN ANDREWS,

    Individually and in their

    Personal and official Capacities,

    Defendants.

---

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
PURSUANT TO 42 U.S.C. § 1983

---

    The Plaintiff, Amber K. Brant, is a black transgender state prisoner in the custody of the Tennessee Department of Corrections imprisoned at the Northeast Correctional Complex in Johnson County, Tennessee proceeding as a prose and indigent inmate. The plaintiff brings this prose action pursuant to 42 U.S.C. § 1983 et. seq. against the defendants.

    The plaintiff is seeking Compensatory and punitive damages, alleging that the defendants were deliberate indifference and violated her rights under the Eighth and Fourteenth Amendments to the united states Constitution. Plaintiff's Claims are based on the failure to protect.

(A) I. JURISDICTION AND VENUE:

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. This court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This court has jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2. The United States District Court for the Eastern District of Tennessee at Knoxville is an appropriate venue under 28 U.S.C. § 1391 (b)(2) because the events or omissions giving rise to the claims occurred in this district.

(B) I. PREVIOUS LAWSUITS:

3. Plaintiff has not filed any other lawsuits in state or federal court relating to plaintiff's imprisonment.

## II. PARTIES:

PLAINTIFF:

1. Plaintiff, Amber K. Brant, a black transgender inmate, is and was at all times mentioned herein a prisoner of the State of Tennessee in the custody of the Tennessee Department of Corrections. Plaintiff is currently confined in the Northeast Correctional Complex located at 5249 Highway 67, West, Mountain City, Tennessee - 5000.

2. Plaintiff's T.D.O.C. number is 391911.

3. Plaintiff's mailing address is p.o. Box 5000 Mountain City, Tennessee 37683.

DEFENDANTS:

4. Defendant Clifford Tressler is the Unit Manager for Units seven, eight, nine and Ten at the Northeast Correctional complex. He is responsible for the daily operations of these units, responsible for supervising prison staff working the above named units, maintaining inmate safety and security, and responding to inmate request. He is sued in his personal and official capacities.

5. Defendant Odom is a Sergeant at the Northeast Correctional complex for units seven, eight, nine and ten. Odom is responsible for conditions and operations at the Northeast Correctional Complex. He is also responsible for supervising prison staff working the above named units, maintaining inmate safety and security, and responding to inmate request and emergency situation such as inmate-on-inmate assaults. He is sued in his personal and official capacities.

6. Defendant Mulvane is a sergeant at the Northeast Correctional Complex for units seven, eight, nine and ten. Mulvane is responsible for conditions and operations at the Northeast Correctional Complex. He is responsible for supervising prison staff working the above named units, maintaining inmate safety and security, and responding to inmate request and emergency situation such as inmate-on-inmate assaults. He is sued in his personal and official Capacities.

7. Defendant Widner is a Lieutenant at the Northeast Correctional Complex for the prison. Widner is responsible for conditions and operations at the Northeast Correctional Complex. He is responsible for supervising prison officers and staff working at the Northeast Correctional Complex, and maintaining inmate safety and security, and responding to inmate request and emergency situation such as inmate-on-inmate assaults. He is sued in his personal and official Capacities.

8. Defendant Dixion is an internal affairs sergeant at the Northeast Correctional Complex. Dixion is responsible for investigating inmate-on-inmate assaults, maintaining and providing inmate safety and security, investigating and responding reasonably to transgender inmates complaints of assaults and threats, and reasonably responding to emergency request and situations, and protecting inmates including transgenders who have been threaten or assaulted.

9. Defendant Garcia is a major at the Northeast Correctional Complex and is responsible for the daily condition and operations at the Northeast correctional complex. He is responsible for supervising prison Sergeants, Lieutenants, Captains, and officers and staff. He is responsible for maintaining inmate safety and security, and investigating and responding reasonably to inmate complaints of assaults and threats, and reasonably responding to emergency request and complaints of inmates, and protecting inmates including transgenders who have been threaten or assaulted.

10. Defendant Steven Andrews is the warden of Treatment at the Northeast Correctional Complex. He is responsible for the daily conditions and operations at the Northeast Correctional Complex. He is responsible for supervising prison officers, staff, and inmates. He is responsible for maintaining inmate safety and security, and investigating and responding reasonably to inmate complaints of assaults and threats, and reasonably responding to emergency request and complaints of all inmates, and responsible for protecting inmates including transgenders who have been threaten or assaulted. Andrews is also a final policymaker for the Northeast Correctional Complex. He is sued in his personal and official capacity.

11. Each defendant is sued in his or her personal and official capacity. At all times relevant and mentioned in this complaint each defendant acted under the color of state law.

## III. FACTS:

1. On December 22, 2022, plaintiff Brant was assaulted while housed in Unit 7-Cell-4 at the Northeast Correctional Complex.

2. Plaintiff Brant on December 22, 2022 was brutally assaulted in Unit 7-cell-4 at the Northeast Correctional Complex by Inmate Coleman who was also housed in the same unit with the plaintiff. Inmate Coleman came to the plaintiff's cell and because plaintiff is transgender hit plaintiff in her left eye and temple with batteries Coleman had tied up in a sock.

3. The assault left plaintiff Brant stuned and rendered her unconcious for several minutes. While plaintiff was stuned and rendered unconcious, Inmate Coleman entered plaintiff's cell and took plaintiff's fan and some commissary that belonged to plaintiff.

4. On the following day on December 23, 2022 while plaintiff Brant was out of her cell, someone entered her cell and took her christmas package of approximately $125.00 worth of food as well as her commissary.

5. On December 22, 2022, the day before plaintiff's christmas package was taken. The plaintiff had been threaten because of being transgender and having the physical features of a female including breast.

16. Plaintiff Brant on December 22, 2022 reported the threats to the unit manager clifford Tresslor. mr. Tresslor asked the plaintiff if she wanted him to put her commissary in his office. However, mr. Tressler was going on Christmas break. mr. Tressler told plaintiff he would move her when he came back if plaintiff stayed out of trouble. Plaintiff Brant told mr. Tressler that she was not in any trouble or causing any trouble. That she was being threaten because she is transgender and in unit 7 a known disciplinary and gang unit even though she had no disciplinary write ups, and that she was a minimum custody inmate.

17. The plaintiff reported to mr. Tresslor, that she was even told and threaten that she could not use the showers or phones, even after unit Manager Tresslor told plaintiff she could take her showers during count time for plaintiff's safety. plaintiff Brant was threaten and told if the rockman had to be locked down because of "Your bitch punk ass" during count while she showered that she would be smashed and would have to go to protective custody. Plaintiff reported these facts to mr. Tresslor.

18. Plaintiff Brant personally reported being threaten starting from Friday December 22, 2022. That is when plaintiff started telling mr. Tressler of the threats and requesting to be move out of unit 7 to no prevail. All prior to being assaulted and robbed by Inmate Coleman who lived in cell 30 in unit 7. The most violent unit at the northeast correctional complex.

19. Unit manager Tressler's deliberate indifference to plaintiff Brant's safety resulted in and was the direct cause of plaintiff being brutally assaulted by Inmate Coleman. Had Mr. Tressler not acted with deliberate indifference to the plaintiff's safety and moved plaintiff, she would not have been brutally assaulted.

20. As the result of the brutal assault committed upon Plaintiff Brant by Inmate Coleman. The plaintiff obtained a black eye, an injured left cheek, and has continued to suffer from blurred vision, and has been treated by the prison medical staff pertaining to plaintiff's injuries. In fact, plaintiff has been referred for an appointment with the eye doctor. See EXHIBIT (B) hereto showing plaintiff's injuries.

21. After the brutal assault occurred upon the plaintiff and while the injuries were still fresh, the plaintiff reported the assault to Sergeant Odom seeking assistance in being protected and moved out of unit 7 away from her attacker. However, Sergeant Odom took no affirmative action to protect or move plaintiff Brant.

22. After the brutal assault occurred upon the plaintiff and while the injuries were still fresh, the plaintiff reported the assault to Sergeant Mulvane seeking assistance in being protected and moved out of unit 7 away from her attacker. However, Sergeant Mulvane took no affirmative action to protect or move plaintiff Brant. In fact, Sergeant Mulvane specifically told plaintiff, "you're not moving."

23. After the brutal assault occurred upon the plaintiff by Inmate Coleman and because plaintiff was not receiving any assistance in being protected and separated or moved out of unit 7 away from Inmate Coleman, and away from the serious threats made to the plaintiff, the plaintiff's family called the Northeast Correctional Complex and spoke to Lieutenant Widner reporting the assault, threats, and situation. However, Lt. Widner took no affirmative actions at all to protect or move plaintiff Brant. In fact, Lt. Widner did not even come to see or speak to plaintiff.

24. After the brutal assault occurred upon the plaintiff by Inmate Coleman and because plaintiff was not receiving any assistance in being protected, separated, or moved out of unit 7 away from Inmate Coleman, and away from the serious threats made to the plaintiff. Plaintiff and Inmate Zanker personally together went to the Northeast Correctional Complex's Internal Affairs Sergeant Dixon and reported the assault and threats to her. However, Sergeant Dixon took no affirmative actions to protect or move plaintiff Brant. Plaintiff's injuries wer still fresh and visable at the time.

25. After the brutal assault occurred upon the plaintiff by Inmate Coleman and because plaintiff was not receiving any assistance in being protected, separated, or moved out of Unit 7 away from Inmate Coleman, and a way from the serious threats made to the plaintiff. Plaintiff Brant reported the assault and threats to Northeast Correctional Complex's Major Garcia. However, Major Garcia took no affirmative actions to protect or move plaintiff Brant.

9

26. After the brutal assault occurred upon plaintiff by Inmate Coleman and because plaintiff was not receiving any assistance in being protected, separated, or moved out of unit 7 away from Inmate Coleman, and away from the serious threats made to the plaintiff. Plaintiff Brant wrote a letter to the Northeast Correctional Complex's warden of Treatment Steven Andrews about and reporting the entire situation to Warden Andrews seeking his help to be moved to safety. However, warden Andrews never responded to plaintiff's letter, never came to speak with plaintiff, and did not send anyone else to speak with plaintiff, and he never took any personal affirmative actions to protect or remove plaintiff Brant out of harms way to safety.

27. In addition, to reporting the brutal assault committed upon plaintiff by Inmate Coleman to the above named defendants. Plaintiff Brant went to the Northeast Correctional Complex's Disciplinary clerical clerk officer Ms. Smith seeking help to be moved out of harms way to safety. Officer Smith took affirmative action by E-mailing I.A. Sergeant Dixion trying to get plaintiff some help. However, Sergeant Dixion took no affirmative actions to protect or move plaintiff to safety.

28. On December 23, 2022, plaintiff Brant went to unit 10 at the Northeast Correctional Complex and had officer Ms. Cornett to call mental health because Brant was having problems in unit 7 because she is transgender that had been assaulted and threaten because of her feminine characteristic, sexual orientation, and gender identity. Officer Ms. Cornett, in fact, called mental health for plaintiff and they were told, " unless it was a life and death they could not talk to Plaintiff." See EXHIBIT (C) hereto.

29. On December 22, 2022, Plaintiff placed an emergency grievance in the Northeast Correctional Complex's grievance box grieving the entire situation and seeking help in being moved out of harms way to safety. However, as of January 16, 2023, Plaintiff Brant had not received any response to her grievance from anyone. On January 16, 2023, Plaintiff spoke to the Northeast Correctional Complex's Grievance Chair Person Lt. Judy Tolley. Ms. Tolley advised Plaintiff that she had received and logged Plaintiff's grievance on or about December 26, 2022. And because it was an emergency grievance she took Plaintiff's grievance to operations to be investigated on December 26, 2022. And as January 16, 2023 Lt. Tolley nor Plaintiff had heard any thing back pertaining to Plaintiff Brant's December 22, 2022 grievance. The Plaintiff's December 22, 2022, grievance was never answered by Warden Andrews or any one else at the Northeast Correctional Complex. In fact, it has never been answered or responded to - to this very day. The December 22, 2023 grievance disappeared once Lt. Tolley gave it to operations to be investigated.

30. Due to the fact Plaintiff's December 22, 2023 grievance had not been responded to. On January 23, 2023, Plaintiff Brant refiled her grievance and grieved the entire factual situation described above inwhich she encluded the facts set-out in paragraph 31 below. See EXHIBIT (A) attached hereto.

31. Because plaintiff Brant is a transgender inmate who was assaulted, who reported the assault, who has been treated by medical for her injuries she sustained due to the assault, she filed a grievance over the matter. And no one took affirmative action to investigate or taken proper and affirmative action against the inmate who assaulted plaintiff as of January 23, 2023. That plaintiff was moved out of unit 10 to unit 7 without a write up for the actions of another inmate in which resulted in her being assaulted. If not for that she would not have been assaulted. plaintiff Brant also stated in her grievance on January 23, 2023 the facts set out in Paragraph 32 below.

32. That the Constitution requires prison officials to provide reasonable safety for prisoners. That prison officials must protect inmates from assault by other inmates and from unreasonable hazardous living conditions. Farmer v. Brennan, 511 U.S. 825, 844 (1994). In plaintiff's specific situation that did not happen and she was forced to remain in unit 7-cell-4 in the same unit with the inmate who assaulted plaintiff from December 22, 2022, the day the assault happen until on December 27, 2022, on the day unit manager Tressler came back to work and moved plaintiff back to unit 10-cell 4. plaintiff's situation, complaints, and grievance had fell on deaf ears as of January 23, 2023.

33. On January 26, 2023, plaintiff's grievance filed on January 23, 2023, was responded to by warden of security of the Northeast Correctional Complex Warden Henger in which —

Case 3:23-cv-00179-DCLC-JEM    Document 1    Filed 05/22/23    Page 12 of 25
PageID #: 12

Warden Henger responded that:

"This matter was reviewed by Internal Affairs.
There was no basis to formally place charges
against the alleged. However to satisfy offender
Brant. Major Garcia transferred the alleged
offender. offender Brant was placed in unit 10."

34. Warden Henger's response is not accurate of the facts or the
factual circumstances and did not resolve the matters. First,
Plaintiff personally reported being threaten on Friday December
22, 2023 when she reported being threaten to unit Manager
Tresslor and he refused to move her. Second, plaintiff
had visible injuries that encluded a sever black eye that
was swollen and blood-red, a bruised and swollen check,
and suffered and continues to suffer blurred eye vision.
Injuries in which plaintiff was treated for by the prison's medical
staff due to the assault. Third, plaintiff was forced to remain
in unit 7 where she was assaulted from the day it happen on
December 22, 2022 until December 27, 2022, for exactly
five days. Fourth, plaintiff Brant was not moved to unit 10
until December 27, 2022, she was not immediately moved after
she was assaulted or when she first reported being threatened.
Fifth, Inmate Coleman was not immediately transferred or placed on
pending punitive investigation by internal affairs at any time, In
fact, Inmate Coleman who brutally assaulted plaintiff was allowed
to come from unit 7 to unit 10 where plaintiff was housed on
multiple occasions and roam from one unit to another long after
he assaulted Brant. And, Sixth, no affirmative actions to this day
have been taken against any of the named defendants who failed
and with deliberate indifference refused to protect and remove
Plaintiff immediately from the violent and harmful living
conditions and situation as requested by plaintiff Brant.

# IV. EXHAUSTION OF LEGAL REMEDIES

35. plaintiff Brant used the prison grievance procedure available at the Northeast Correctional Complex to try and solve the problem. on December 22, 2022 plaintiff filed an emergency grievance in which she got no response. Then on January 23, 2023, because plaintiff did not receive a response from her first grievance. She filed another grievance presenting the facts relating to this complaint. On January 28, 2023 plaintiff received a response saying, "The matter was reviewed by Internal Affairs. That there was no basis to place formal charges against the alleged. That to satisfy offender Brant, major Garcia transferred the alleged offenders. offender Brant was placed in unit 10." On January 30, 2023, Brant appealed the response to Northeast Correctional Complex's Warden Brian Eller. on January 31, 2023, warden Eller agreed with the proposed response and Brant appealed to the Assistant Commissioner of prisons Lee Dotson. On February 9, 2023, Mr. Dotson concurred with warden Brian Eller and warden Henger.

Wherefore, plaintiff is deemed to have exhausted her state remedies for the purposes of this 42. U.S.C. §1983 Civil Rights Complaint as required under 42 U.S.C. §1997e (a) and Woodford v. Ngo, 548 U.S. 81 (2006)).

## V. LEGAL CLAIMS:

36. Plaintiff Brant realleges and incorporates by reference paragraphs 1 through 35.

37. That the Defendants are jointly and severely liable to the plaintiff for all injuries and physical damage suffered and substained by the plaintiff that were proximately caused by the Defendants' negligence and deliberate indifference.

38. That the numerous negligent and deliberate indifference acts of Defendants constituted gross and willful negligence and manifest a reckless, deliberate and wanton, indifference to the value of human safety and life.

39. That Defendants were aware of a "substantial risk" to the plaintiff's safety, but failed to take reasonable action to protect plaintiff from it.

40. That in the case sub judice, prison officals at the Northeast Correctional Complex named herein, are liable under the Eighth and Fourteenth Amendments for denying humane conditions of confinement when they knew that the plaintiff faced a substantial risk of serious harm to being assaulted, and when they failed to take reasonable measures to remedy the situation.

41. That there was a "sufficiently serious" deprivation of protection to the plaintiff by the Defendant's, and that the Defendants acted with a "sufficiently culpable state of mind."

42. That the plaintiff was denied the minimal civilized measure of life's necessities by the Defendants, and such deprivations were sufficiently grave to form the basis of an Eighth Amendment violation.

43. Defendants were deliberate indifferent to the plaintiff's serious need for protection for denying humane conditions of confinement, when they knew the plaintiff due to being a transgender female faced a substantial risk of serious harm by being housed in unit 7 and then disregarding that risk by failing to take reasonable measures to abate it. such deprivations were sufficiently grave to form the basis of an Eighth Amendment violation.

44. The Defendants were negligent and exhibited deliberate indifference towards the plaintiff's need of protection by failing to conduct a proper investigation into the matter when the assault occurred and for failing to move plaintiff to safety at that time. Such neglect and deliberate indifference constituted a violation of the plaintiff's rights and constituted cruel and unusual punishment.

45. The Defendants were negligent and exhibited deliberate indifference towards the plaintiff's protection needs by failing to conduct a proper investigation into the matter and for supporting the decisions and actions of each other herein named. Such neglect and deliberate indifference constituted a violation of the plaintiff's rights and constituted cruel and unusual punishment.

46. The plaintiff suffered substantial injuries as a result of the Defendants actions and deliberate indifference, to include blurred eyesight, and extreme mental anguish and depression.

47. That as a direct result of the negligent and deliberate indifference acts of the Defendants as referenced herein above, and the violation of the duty of care owed to plaintiff Brant. Plaintiff was proximately caused to suffer life lasting injuries including but not limited to physical pain and suffering past, present, and future and damage to every day human life.

48. That as a direct and proximate result of these acts complained of herein, plaintiff Brant suffers separation anxiety, fear, distrust of everyone, anxiety, loss of self-esteem, and discord with others. The plaintiff has additionally suffered mental and emotional distress as a direct results of the acts complained of.

49. The Defendants have engaged in acts and failures to act which constitute intentional infliction of emotional distress upon plaintiff.

50. That the Defendants careless and reckless indifference to the safety and well-being of plaintiff Brant constitutes the negligent infliction of emotional distress.

51. That the acts of Defendants herein complained of and their failure to act constitutes outrageous conduct towards Plaintiff.

52. That by virtue of these acts and omissions, Defendants have condoned, ratified, and adopted these unlawful, unsafe, and unhealthy activities of their employees and agents as though committed by themselves, and are liable for the resulting injuries and damages.

53. That the December 22, 2022 incident was the direct results of the Defendants inadequate procedures and their policy, custom and practice of inadequate training of staff.

54. That the December 22, 2022 incident was the direct results of the Defendants failure to segregate dangerous and violent inmates from vulnerable inmates, or from each other.

55. That the December 22, 2022, incident was the direct results due to the fact that the Northeast Correctional Complex is so "grossly understaffed and there is only one correctional officer on duty to supervise and control the 120 or more inmates housed in a unit.

56. That the December 22, 2022 incident was the direct results of the Defendants inadequate procedures and their policy, custom and practice of not isolating or properly disciplining inmates who threaten or attack other inmates.

57. That the above named failures have led to a substantial risk of serious harm to inmates who are placed in unit-7 at the Northeast Correctional Complex that is long standing, pervasive, and apparent to any knowledgeable observer and Defendants had actual knowledge of that risk since as early as of November 2021, and was aware of that risk at the time Plaintiff Brant was placed in unit 7.

58. That the December 22, 2022 incident was the direct results of the Defendants inadequate procedures and their policy, custom and practice of inadequate security policies, practice, and custom regarding transgender inmates, and Defendants custom, practice, and procedures of animosity against transgender inmates and treating transgenders including plaintiff Brant unfavorable because of their sexual orientation or gender identity.

59. That all Defendants stated were state actors under color of state law, and were personally involved in the alleged violations of the plaintiff's Constitutional rights. Each named Defendants were directly responsible for all of the alleged events that gave rise to this action. Said Defendants acted pursuant to customs and in direct violation to established Constitutional law, that violated plaintiff's Constitutional rights. Consequently, the named Defendants are liable to the plaintiff under 42 U.S.C. § 1983.

60. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF:

WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

61. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the united states.

62. Compensatory damages in the amount of $5,000 against each defendant, jointly and severally.

63. Punitive damages in the amount of $5,000 against each defendant.

64. A jury trial on all issues triable by jury.

65. Plaintiff's cost in this suit.

66. Any additional relief this court deem just, proper, and equitable.

THIS THE 17 day of may 2023

x Amber Brant

Respectfully submitted

Amber K. Brant # 391911

Northeast Correctional Complex

P.O. Box 5000

mountain City, TN 37683-5000.

## VII. VERIFICATION:

67. Pursuant to 28 U.S.C. §1746, I declare and verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2023.

Amber K. Brant (Plaintiff)

21.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

AMBER K. BRANT,                    )
    Petitioner,                )
    -vs-                       )    DECLARATION OF
CLIFFORD TRESSLOR, et. al.,        )    JOHN ZANKER.
    Defendants.                )

DECLARATION UNDER PENALTY OF PERJURY OF
    JOHN ZANKER

    John Zanker, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746:

1. That my name is John Zanker.

2. That I am over the age of eighteen.

3. That I am competent to testify in any court of law as to the matters stated herein.

4. That I am an inmate in the Tennessee Department of Corrections incarcerated at the Northeast Correctional Complex located at 5249 Highway 67 West, Mountain City, Tennessee 37683-5000.

5. That my TDOC number is 534619.

1

6. That I have no personal interest in the outcome of this matter.

7. That I personally know the plaintiff in this matter, Amber K. Brant who is a transgender female who is incarcerated at the Northeast Correctional Complex.

8. That I have personal knowledge that on December 22, 2022 while housed in unit 7-Cell-4 at the Northeast Correctional Complex Amber K. Brant was assaulted.

9. That I have personal knowledge that as a result of the assault committed upon Amber K. Brant on December 22, 2022, Amber sustained a severe black eye, swollen face, and a blood shot eye. an eye that swelled shut.

10. That on December 22, 2022, I personally went with Amber Brant to the Northeast Correctional Complex's Internal Affairs office and reported the assault to I.A. sergeant Ms. Dixon.

11. That on December 22, 2022, when Amber Brant and I personally reported the assault to sergeant Dixon, Ambers facial injuries were clearly visible.

12. That on December 22, 2022, I personally went with Amber Brant to the Northeast Correctional Complex's Disciplinary clerical clerk officer ms. smith and reported the assault and seeking help to get Brant moved out of harms way to safety. officer Smith took affirmative actions by E-mailing I.A. sergeant Dixon trying to get Amber Brant help.

2

13. That I have personal knowledge that after Amber Brant was assaulted and she could not get help she came to unit 10 on December 23, 2022 and had officer ms. cornett call mental heath for her because she was having problems in unit 7 because she is a transgender female and had been assaulted and threatened. officer cornett in my presence called mental health for Amber and they were told that unless it was a life and death they could not talk to Amber Brant.

14. That I have personal knowledge that after the assault was committed upon Amber Brant on December 22, 2022, she was made to remain in unit 7 with her attacker from December 22, 2022 until December 27, 2022.

15. That I have personal knowledge that on December 27, 2022 Amber Brant was moved from unit 7 to unit 10.

16. That I have personal knowledge that after Amber Brant was moved from unit 7 to unit 10 on December 27, 2022, that her attacker Inmate coleman was allowed on multiple occasions to come into unit 10 where Amber Brant was housed.

17. That because of the threats made toward Amber Brant while she was housed in unit 7 and the assault committed upon her, and her being threatened to be assaulted again if she did not stay in her cell. I personally with Inmate MASK got food and took to Amber Brant so she could eat because she was threatened that if she did not stay in her cell she would be assaulted.

3

18. That I have personal knowledge that as a result of December 22, 2022, assault committed upon Amber Brant and the injuries she sustained she has been treated by the prison's medical staff for continuous blurred vision.

19. Furthermore, I saith Not.

Pursuant to 28 U.S.C. §1746, I declare and verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to my personal knowledge.

Executed on this 15th day of March 2023.

John Zanker
Signature
John Zanker, TDOC # 534619
Northeast Correctional Complex
P.O. Box 5000, Mountain City, TN 37683.

4