IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **AMBER K. BRANT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:23-cv-179 |
| v. | ) | Judge Corker |
| | ) | Magistrate Judge McCook |
| **CLIFFORD TRESSLER** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR LEAVE TO DEPOSE PLAINTIFF, AN INCARCERATED INDIVIDUAL**

Defendant respectfully moves for leave to take the deposition of the Plaintiff, Amber K Brant (TDOC #391911). Plaintiff is currently an inmate in the custody of the Tennessee Department of Correction ("TDOC") and resides at Northeast Correctional Complex ("NCC"). Defendant therefore requires leave of court to conduct Plaintiff's deposition. Fed. R. Civ. Pro. 30(a)(2)(B).

The Court should grant the requested leave because Plaintiff's sworn testimony at deposition falls under the broad categories of discoverable information identified by Rule 26(b)(1) and not excluded by Rule 26(b)(2). Plaintiff's sworn testimony is facially relevant to the litigation because Plaintiff is the party asserting the causes of action alleged in the complaint and accompanying factual allegations. (*See, generally*, Dkt. 2.) Moreover, "[i]t is axiomatic that when a party initiates a lawsuit, and especially when a party moves for injunctive relief . . . the opposing party has the presumptive right to depose Plaintiff." *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2019 WL 11851135, at *2 (S.D. Ohio Aug. 23, 2019).

If leave is granted, Defendant will work with NCC and Plaintiff to schedule Plaintiff's deposition at a convenient date, time, and place for the officials responsible for Plaintiff's custody. Defendant therefore seeks an order from this Court allowing for the taking of Plaintiff's deposition so that such an order may be produced to any necessary prison administrators to facilitate the scheduling and ultimately the deposition of Plaintiff. Defendant respectfully requests that the Court's order provide the following:

1. Defendant may take the deposition of Plaintiff at a time agreed upon by the parties;
2. The deposition may proceed at NCC or remotely via video technology, if needed;
3. The deposition may be recorded by videographic and stenographic means.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL & REPORTER

/s/ *Matthew W. Kubicek*
MATTHEW W. KUBICEK, BPR # 040774
Assistant Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-4349
Matthew.kubicek@ag.tn.gov
*Counsel for Clifford Tressler*

**CERTIFICATE OF MAILING AND/OR DELIVERY**

I hereby certify that on August 27, 2024, I caused to be mailed the foregoing on the following in the following manner:

By first-class U.S. mail:

    Amber K. Brant #391911
    Northeast Correctional Complex
    P.O. Box 5000
    Mountain City, Tennessee 37683

                                        /s/ *Matthew W. Kubicek*
                                        MATTHEW W. KUBICEK